# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-0754V
Filed: May 3, 2019
UNPUBLISHED

| | |
|---|---|
| RODERICK SANDERS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Brachial Neuritis |

*Joseph Alexander Vuckovich, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Daniel Anthony Principato, U.S. Department of Justice, Washington, DC, for respondent.*

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

  On May 29, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of a Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine administered on December 21, 2016. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

On April 30, 2019, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that although petitioner has alleged that he suffered a SIRVA, "petitioner's medical course is consistent with brachial neuritis as defined in the Vaccine Injury Table." *Id.* at 4. Respondent further indicates that "petitioner's brachial neuritis onset [was] within 2-28 days of a vaccine containing tetanus toxoid; petitioner had weakness as well as motor, sensory, and reflex findings on physical examination; and no other condition or abnormality was present that would explain petitioner's symptoms." *Id.* Respondent concludes that "petitioner has satisfied all legal prerequisites for compensation under the [Vaccine] Act." *Id.*[3]

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Petitioner does not object to respondent's rationale for conceding.