# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0754V
UNPUBLISHED

| | |
|---|---|
| RODERICK SANDERS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 25, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Joseph Alexander Vuckovich*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.

*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On May 29, 2018, Roderick Sanders filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine he received on December 21, 2016. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 3, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 24, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $108,212.43

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(comprised of $87,500.00 for pain and suffering, $718.20 for past unreimbursable expenses, and $19,994.23 for future medical care expenses). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $108,212.43 (comprised of $87,500.00 for pain and suffering, $718.20 for past unreimbursable expenses, and $19,994.23 for future medical care expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RODERICK SANDERS,         )<br>                                        )<br>            Petitioner,         )<br>                                        )   No. 18-754V<br>v.                                    )   Chief Special Master Corcoran<br>                                        )   ECF<br>SECRETARY OF HEALTH AND HUMAN   )<br>SERVICES,                        )<br>                                        )<br>            Respondent.      )<br>                                        ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 29, 2018, Roderick Sanders ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table ("Table"), following administration of a Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine he received on December 21, 2016.  Petition at 1-2.  However, on April 19, 2019, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case was appropriate for compensation under the terms of the Act for a brachial neuritis Table injury, and on May 3, 2019, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 26; ECF No. 27.

**I.      Items of Compensation**

   A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $87,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $718.20. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.  Future Medical Care Expenses

Evidence supplied by petitioner documents that he will incur future medical care expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded future medical care expenses in the amount of $19,994.23. *See* 42 U.S.C. § 300aa-15(a)(1)(A).

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.  Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $108,212.43, in the form of a check payable to petitioner.

**III.  Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Roderick Sanders:     **$108,212.43**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

                    Respectfully submitted,

                    ETHAN P. DAVIS
                    Acting Assistant Attorney General

                    C. SALVATORE D'ALESSIO
                    Acting Director
                    Torts Branch, Civil Division

                    CATHARINE E. REEVES
                    Deputy Director
                    Torts Branch, Civil Division

                    ALEXIS B. BABCOCK
                    Assistant Director
                    Torts Branch, Civil Division

                    <u>/s/ Colleen C. Hartley</u>
                    COLLEEN C. HARTLEY
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146
                    Benjamin Franklin Station
                    Washington, D.C. 20044-0146
                    Tel:  (202) 616-3644

DATED:  August 24, 2020